**Asfak Ahmed CHOYON, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 15–73151.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2016.*

Filed April 18, 2016.

Asfak Ahmed Choyon, Orange, CA, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

706

Jennifer A. Bowen, Trial, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Asfak Ahmed Choyon, a native and citizen of Bangladesh, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to when suspected political rivals chased Choyon on a motorbike and threatened his family, whether he reported this alleged mistreatment to police, and his residences in Bangladesh. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). We reject Choyon's contention that the agency did not consider his case or ignored evidence. In the absence of credible testimony, Choyon's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, substantial evidence also supports the agency's denial of Choyon's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the finding that it is more likely than not Choyon would be tortured by or with the consent or acquiescence of the government if returned to Bangladesh. *See Shrestha,* 590 F.3d at 1048–49.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.